**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 22 AM 11: 25

CLERK
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FRANCISCO DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-070 |
| | ) | |
| MICHAEL V. PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Francisco Diaz, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed an action under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. The Court directed Respondent to respond to the petition, and Respondent complied. Upon consideration of the petition and Respondent's "Return on Order to Show Cause," the Court **REPORTS** and **RECOMMENDS** that the petition be deemed **MOOT**, that this civil action be **DISMISSED**, and that an appropriate judgment of dismissal be **ENTERED** in favor of Respondent.

### I. BACKGROUND

MCF is run by the Corrections Corporation of America ("CCA"), a private corporation which has entered into a contract with the Federal Bureau of Prisons ("BOP") to house low custody federal inmates. (Doc. no. 1, Attach. 1). Under that contract, CCA/MCF is required to follow the BOP Program Statement for Disciplinary Procedures. (Id.). While incarcerated at MCF, Petitioner committed a disciplinary infraction, resulting

in his appearance before a Disciplinary Hearing Officer and the disallowance of twenty-seven (27) days of Good Conduct Time ("GCT") as a disciplinary sanction. (Doc. no. 1, Attach. 5, p. 2). However, Petitioner argues that because CCA/MCF does not meet the statutory or regulatory definition of a federal prison or correctional institution, it is not authorized to enforce federal laws, including disallowing GCT. Thus, he requests that restoration of 27 days of GCT.

Respondent's filing does not address Petitioner's legal arguments concerning the ability or non-ability of a private corporation to enforce federal laws. Rather, it explains that since Petitioner filed his petition, a BOP Administrator with National Inmate Appeals reviewed the disciplinary proceedings which resulted in the disallowance of the 27 days of contested GCT; he determined that the proceedings were conducted in substantial compliance with the applicable BOP Program Statement. (Doc. no. 5, Ex. A). Thus, Respondent argues that the BOP, not CCA, has disallowed the GCT, and the substance of Petitioner's petition has therefore been satisfied - making the instant petition moot. Respondent also reports that Petitioner's projected release date is June 18, 2005; upon his release from BOP custody, Petitioner is scheduled to be transferred to the Bureau of Immigration and Custom Enforcement for deportation to Colombia. (Doc. no. 5, Exs. B & C).

## II. DISCUSSION

> . . . [T]he doctrine of mootness derives directly from the case-or-controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." As the Supreme Court has defined the doctrine, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." In

2

> other words, "[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to afford the plaintiff or appellant meaningful relief, then the case becomes moot and must be dismissed. Indeed, as mootness is jurisdictional, dismissal is required when the doctrine is implicated.

De La Teja v. United States, 321 F.3d 1357, 1361 (11th Cir. 2003) (internal citations omitted); see also Saladin v. City of Milledeville, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot . . . where interim relief or events have eradicated the effects of the alleged violation."). Here, Petitioner filed his petition seeking restoration of 27 days of GCT because a private corporation had taken away the GCT time that had been awarded under federal law. Now, however, the BOP has reviewed the case, determined that the required disciplinary procedures were followed and that the disallowance of 27 days of GCT was commensurate with the severity of the offense, and concluded that the sanction was imposed in compliance with BOP policy. Thus, the BOP has, at least implicitly, authorized the imposition of the 27-day sanction.

However, that does not end the Court's inquiry. The Court must also consider whether the issue raised by Petitioner falls under the exception to the mootness doctrine that is referred to as "capable of repetition, yet evading review." Weinstein v. Bradford, 423 U.S. 147, 148 (1975) (*per curiam*). For this to occur, however, two conditions must be met: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Id. at 149. Petitioner cannot satisfy both of these conditions because he is scheduled to be released from MCF and from BOP custody

on June 18, 2005 for deportation to Colombia; Petitioner will be transferred to the Bureau of Immigration and Custom Enforcement for his deportation. Thus, he will not be subject to the policies and procedures which apply at MCF by virtue of the CCA contract with the BOP. See Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002) (*per curiam*) ("[S]ince [the petitioner] has been removed from the United States and there is absolutely no reason to believe that he will again be detained or force-fed under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply."). Moreover, as his sentence will be completed on June 18th, he will not be subject to the possibility of losing more GCT in the future. Accordingly, there is no "'reasonable expectation' or 'demonstrated probability' that the same controversy will recur involving the same complaining party." C & C Prods., Inc. v. Messick, 700 F.2d 635, 637 (11th Cir. 1983) (citing Weinstein).

In sum, as the BOP has reviewed and approved the disallowance of 27 days of GCT, the instant petition is moot. Moreover, this is not a case that falls under an exception to the requirement of dismissal of a moot controversy under the "capable of repetition, yet evading review" doctrine because Petitioner is scheduled to be deported after his sentence with the BOP expires on June 18, 2005. Accordingly, the instant petition is moot, and the case should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that an appropriate judgment of dismissal be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 22nd day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Danial E. Bennett, Esq.
Francisco Diaz, Pro-se

CASE NO: CV305-070
DATE SERVED: June 22, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate